UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF MISSISSIPPI
JACKSON DIVISION

**TRUSTMARK PARK HOTEL, LLC**     PLAINTIFF

**VERSUS**     CIVIL ACTION NO. 3:13cv698 HTW-LRA

**CERTAIN UNDERWRITERS AT LLOYD'S
LONDON SUBSCRIBING TO CERTIFICATE
NUMBER NJL440013912; YORK RISK
SERVICES GROUP, INC.; AND JOHN DOES
1-10**     DEFENDANTS

## NOTICE OF REMOVAL

Defendant York Risk Services Group, Inc. ("York") files this Notice of Removal to remove this action pursuant to 28 U.S.C. §§ 1332 and 1441 from the Circuit Court of Rankin County, Mississippi, to the United States District Court for the Southern District of Mississippi, Jackson Division. As grounds for removal, Defendant would show the following:

1. On October 2, 2013, this breach of contract suit was filed in the Circuit Court of Rankin County, Mississippi, bearing Civil Action No. 2013-261 and styled, "Trustmark Park Hotel, LLC v. Certain Underwriters at Lloyd's London Subscribing to Certificate Number NJL440013912; York Risk Services Group, Inc.; and John Does 1-10" (the "State Court Action"). A copy of all process, pleadings, and orders in the state court action are attached hereto as Exhibit A.

2. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of costs.

3. The Complaint in the State Court Action alleges that Plaintiff suffered injury related to alleged insurance coverage of its hotel facility located in Pearl, Mississippi. Defendant York now timely removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## I. YORK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. Defendant York was served with a summons and a copy of Plaintiff's Complaint on October 10, 2013.

5. Upon information and belief, neither Defendant Lloyd's London, nor any other co-defendant, have been served.

6. Therefore, the removal is timely because it has been undertaken within thirty days from the date of service of Defendant York pursuant to 28 U.S.C. § 1446(b)(2).

7. Upon information and belief, no further proceedings have been had in the State Court Action.

8. The United States District for the Southern District of Mississippi, Jackson Division, embraces the county in which the State Court Action is now pending. Therefore, removal to this Court is proper pursuant to 28 U.S.C. §§ 104(b)(1) and 1441(a).

9. No previous application has been made for the relief requested herein.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant York is filing written notice of this removal with the Clerk of the state court in which the action is currently pending. Copies of the Notice of Filing of Notice of Removal, together with this Notice of Removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

## II.   REMOVAL IS PROPER IN THIS CASE BASED ON DIVERSITY JURISDICTION, 28 U.S.C. §§ 1332, 1441.

11.   As set forth below, this Court has subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is complete diversity between Plaintiff and Defendants.

### A.   The Amount in Controversy Exceeds $75,000.

12.   The Complaint is clear that the amount in controversy exceeds $75,000, exclusive of costs, since Plaintiff is seeking compensatory damages resulting from alleged damage to its hotel facility following a hail storm, which Plaintiff alleges exceeds $900,000 specifically including the following: damage to the exterior insulation and finish system, the heating, ventilation, and air cooling ("HVAC") system, and the roof; compensatory damages allegedly incurred in the period following the hail storm, including reimbursement for repair costs for a hotel HVAC system; pre- and post-judgment interest; attorney's fees; and punitive damages.

### B.   There is Complete Diversity between Plaintiffs and Defendants.

13.   Plaintiff Trustmark Park Hotel, LLC was, and still is, a Mississippi limited liability company with its principal place of business in Mississippi.

14.   Defendant York Risk Services Group, Inc. is a New York corporation with its principal place of business in New Jersey.

15.   Defendants Certain Underwriters at Lloyd's London Subscribing to Certificate Number NJL440013912 have a principal place of business at One Lime Street in the City of London, England, United Kingdom and as individuals, are citizens and subjects of the United Kingdom.

16. There are no other defendants to join in this removal. Upon information and belief, Lloyd's London has not been served, and thus it is not necessary for it to join. Although Plaintiff names John Does in the Complaint, those potential defendants are fictitious, and for that reason, their citizenship status is "disregarded" pursuant to 28 U.S.C. § 1441(b).

WHEREFORE, Defendant York Risks Services Group, Inc. prays that this action be removed to the United States District Court for the Southern District of Mississippi, Jackson Division.

RESPECTFULLY SUBMITTED, this the 6th day of November, 2013.

**YORK RISK SERVICES GROUP, INC.**

By: /s/ H. Barber Boone
Phillip S. Sykes, MSB # 10126
H. Barber Boone, MSB #102266

OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre Building, Suite 100
Post Office Box 22608
Jackson, MS  39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613

## CERTIFICATE OF SERVICE

I, H. Barber Boone, one of the attorneys for York Risk Services Group, Inc., do hereby certify that I have this day served a true and correct copy of the above and foregoing via hand delivery to the following:

Donald Alan Windham, Jr.  **(Via Hand Delivery)**
Benjamin Bryant
BALCH & BINGHAM LLP
188 East Capitol Street, Suite 1400
Jackson, MS 39201

This, the 6th day of November, 2013.

_____
H. Barber Boone